F. Bertram Cleveland
vs. } No. 88938.
Jencks Manufacturing Co.

June 30, 1933.

CAPOTOSTO, J. Action for breach of contract.

On April 10, 1931, the plaintiff agreed in writing to purchase 1,000 shares of defendant's common stock at $5 a share, or $5,000, to be paid for in cash, by notes, and by a deduction of $50 from his salary of $100 as vice-president of the company. The contract contained the following provision: "This agreement to be covered by a letter from Mr. Monroe Kaplan, President of the United States Capital Corporation, guaranteeing to purchase my one thousand (1,000) shares of stock at five dollars ($5.00) per share at the end of one year if I should desire to sever my connection with the company." Plaintiff paid his money, but the defendant, although requested, failed to deliver the letter of guarantee. At the end of the year plaintiff severed his connection with the defendant company, which shortly after went into the hands of a receiver and is still there. The contract was drawn in the Boston office of the defendant company, by Mr. George W. Lewis, its secretary and general manager.

The defendant attempted to meet the plaintiff's claim by first asserting that it was no part of the defendant's promise to secure a letter of guarantee from its president, Monroe Kaplan; second, by claiming that, even if this were a part of the defendant's promise, in substance it was an agreement of the defendant to purchase its own stock, and since it was in a receiver's hands it could not be held to its promise; and third, that the measure of damages was the market value of the stock at the time of default. All these contentions were ruled on by the court during the trial and defendant's rights carefully protected. The jury found for the plaintiff in the sum of $5,311.54. The defendant moves for a new trial on the usual grounds.

The case ultimately raises a pure question of law. While this court bows to the judgment of those in ultimate authority, it cannot and, if it could, would not change its rulings in the instant case. It has the earmarks of speculative financing based upon empty words, hopeful expectation, and a corporate shield for protection in case of disaster. Kaplan, who has a main office in Boston, transacted considerable business at his home in Brookline, Massachusetts, and in New York, although a material witness, never appeared at the trial. His associate and general manager, Lewis, while extremely courteous and suave, radiated a feeling of insincerity. He struck the Court as the window dressing of the outfit. After all is said and done, the Court cannot get away from the conviction, based upon the evidence and its reasonable inferences as interpreted by the human element which the record can never reproduce, that the non-appearing Kaplan was more interested in getting the plaintiff's money than in carrying out any personal guarantee which was held out as an inducement to get the cash.

Motion for new trial denied.

For plaintiff: Ralph M. Greenlaw.

For defendant: Gardner, Moss & Haslam.